CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 08 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> Plaintiff-Respondent, ) <br> ) <br> v. ) <br> ) <br> CHAD ALLEN REEVES, ) <br> Defendant-Petitioner. ) <br> _____ ) | Case No. 7:06-cr-00009-1 <br><br> **OPINION AND ORDER** <br><br> By: **James C. Turk** <br> **Senior United States District Judge** |

This matter is before the Court on Chad Allen Reeves's Renewed Motion to Seal (ECF No.135).[1] This new motion, which appears to comply with General Local Rule 9, requests that "documents from this Court [dealing with Reeves's cooperation] that will be published, or otherwise available through the BOP prison library system for caselaw, be sealed" Mot. at 5. He further requests that these records be sealed until July 31, 2014. Reeves principally argues that the Court should seal these documents because other inmates might be able to access them and learn of his cooperation with the United States. This, he claims, puts him at risk of being harmed by other inmates. The problem with Reeves's requested relief is that it is too broad. The Court has already sealed a number of documents at Reeves's request. He apparently now wants the Court to issue an order sealing any and all opinions it has issued with regards to his post-conviction motions, because they reveal the scope of his cooperation. This, the Court cannot do.

Placing documents under seal is the exception and not the rule. At common law, there is a presumptive right to inspect and copy judicial records and documents. Stone v. Univ. of Md., 855 F.2d 178, 180 (4th Cir.1988) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597

---

[1] Reeves has also filed two motions to proceed *in forma pauperis* on appeal, which the Clerk has transferred to the U.S. Court of Appeals for the Fourth Circuit for disposition.

1

(1978)). In order to overcome this presumption of access, competing interests must outweigh the interest in public access, and "[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir.1988).

> When a trial court considers sealing what would otherwise be a public document, it must
>
> (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

Ashcraft v. Conoco, Inc., 218 F.3d 282, 288 (4th Cir. 2000) (citations omitted). Moreover, any decision to seal a document may only be made upon the independent review of a judicial officer and be supported by "findings and conclusions specific enough for appellate review." Media Gen. Ops., Inc. v. Buchanan, 417 F.3d 424, 429 (4th Cir. 2005) (citing Baltimore Sun Co. v. Goetz, 886 F.2d 60, 65–66 (4th Cir. 1989)). While Reeves has made generalized allusions to the consquences that may befall him if a fellow inmate discovers he is a cooperator, he has failed to meet his burden of convincing the Court that there is some significant, particularized interest in *this case* that outweighs the public interest. Accordingly, the Renewed Motion to Seal must be and is **DENIED**.

The Clerk is directed to forward a copy of this Order to Mr. Reeves and to counsel for the United States.

**IT IS SO ORDERED.**

ENTER: this 8th day of August, 2012.

Senior United States District Judge

2